**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>    v.<br><br>ONE 2006 FORD F150 PICKUP TRUCK,<br>VIN 1FTX14W66FA34702, WITH ALL<br>APPURTENANCES AND<br>ATTACHMENTS THEREON,<br>        Defendant.<br><br>[CLAIMANT: SHAUNA SPAULDING] | CIVIL ACTION NO.<br>3:07cv1193 (SRU) |

<u>**RULING ON MOTION FOR RECONSIDERATION**</u>

The government moves for reconsideration of my ruling denying its motion for summary judgment in this civil forfeiture action seeking forfeiture of one 2006 Ford F150 pickup truck (the "F150 pickup").  At the February 13, 2009 motion hearing, I orally denied the government's motion for summary judgment and the claimant's cross-motion for summary judgment, finding that there were genuine issues of material fact that precluded entry of summary judgment for either side.  For the reasons that follow, the government's motion for reconsideration of my summary judgment ruling is DENIED.

**I.      Standard of Review**

The standard for granting motions for reconsideration is a strict one, meaning they "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided.  *Id.*  The three major grounds for granting a motion for

reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the

availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.

*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing

18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790).

**II.    Discussion**

The government moves for reconsideration on the ground that there is no genuine issue of

material fact that warrants a trial on its forfeiture claim.  The government's motion, however,

points to no case law or evidence that I overlooked that would warrant a change in my previous

ruling.  Rather, the government seeks to relitigate an issue that has already been decided, namely,

whether there is a genuine issue of material fact that must be decided at trial.

A.    <u>Forfeiture Standard</u>

The government argued in its motion for summary judgment that there was no dispute

that the F150 pickup was eligible for civil forfeiture under 21 U.S.C. § 881(a)(4) because it was

used in connection with an attempt to fraudulently obtain a medical prescription.  Section

881(a)(4) provides that"[t]he following shall be subject to forfeiture to the United States and no

property right shall exist in them . . . [a]ll conveyances, including aircraft, vehicles, or vessels,

which are used, or are intended for use, to transport, or in any manner to facilitate the

transportation, sale, receipt, possession, or concealment of property described in paragraph (1),

(2), or (9)."

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(c),

the government must prove that the property is subject to forfeiture by a preponderance of the

evidence.  *Von Hofe v. United States*, 429 F.3d 175, 179-80 (2d Cir. 2007).  Section 983 provides

that:

> In a suit or action brought under any civil forfeiture statute for the civil
> forfeiture of any property–
>
> (1) the burden of proof is on the Government to establish, by a preponderance
> of the evidence, that the property is subject to forfeiture;
>
> (2) the Government may use evidence gathered after the filing of a complaint
> for forfeiture to establish, by a preponderance of the evidence, that property is
> subject to forfeiture; and
>
> (3) if the Government's theory of forfeiture is that the property was used to
> commit or facilitate the commission of a criminal offense, or was involved in
> the commission of a criminal offense, the Government shall establish that
> there was a substantial connection between the property and the offense.

Because the government's claim for forfeiture relies on a theory that the property was

used to commit or facilitate the commission of a criminal offense, namely that Spaulding used

her pickup truck to transport herself to the pharmacy where she attempted to fraudulently obtain a

medical prescription, it must prove there was a substantial connection between the vehicle and

the offense.  To establish a substantial connection between the property and the offense, the

government must demonstrate that the F150 pickup was "used or intended to be used to commit a

crime, or must facilitate the commission of a crime.  At minimum, the property must have more

than an incidental or fortuitous connection to criminal activity."  *United States v. Schifferli,* 895

F.2d 987, 990 (4th Cir. 1990).

The Second Circuit case on point, *United States v. One 1974 Cadillac Eldorado Sedan,*

*Serial No. 6L47S4Q407966,* 548 F.2d 421 (2d Cir. 1977) adopts a broad reading of section

881(a)(4).  In that case the claimant drove his vehicle to several pre-transaction meetings, but did

not actually use the vehicle to make the cocaine purchase because he was arrested prior to the

scheduled sale. *Id.* at 422.  The Second Circuit held that the vehicle was subject to forfeiture under section 881(a)(4) because it had been used to facilitate an intended sale of cocaine when the claimant used it to transport himself to several meetings where the ultimate sale had been arranged. *Id.* at 427.  The Second Circuit noted that the statute's language, subjecting any vehicle to forfeiture that had been "used or intended to be used 'in any manner to facilitate the transportation . . . (or) sale' of a controlled substance," indicated that Congress intended the statute to be employed more broadly than other civil forfeiture provisions. *Id.* at 425.

The government argues that the vehicle is undisputedly subject to forfeiture because Spaulding drove her car to pharmacy where she attempted to fraudulently obtain a prescription, and therefore, the F150 pickup "facilitated" an attempted illegal transaction. That interpretation of section 881(a)(4), however, ignores a recent Eighth Circuit decision that suggests merely driving to a pharmacy in the defendant vehicle would not be enough to subject it to forfeiture.  In *United States v. Dodge Caravan Grand SE/Sport Van, VIN # 1B4GP44G2YB7884560*, 387 F.3d 758, 760-61 (8th Cir. 2004), a case presenting a similar factual situation to the present case, the Eighth Circuit held that the claimant's vehicle was subject to forfeiture under section 881(4) because she not only drove it to the pharmacy where she was intending to purchase hydrocodone using a false prescription, but also used it to "evade detection and suspicion" by using the pharmacy's drive-thru window and "to conduct counter-surveillance" in the parking lot. *Id.* at 762.  Significantly, the claimant "did not simply use her vehicle to drive to the pharmacy." *Id.*

The government conceded at oral argument that there is no evidence in the record that Spaulding intended to use her vehicle to transport the prescription medicine.  Construing the evidence in the light most favorable to Spaulding as the non-moving party, a reasonable fact-

finder could find that Spaulding intended to give the prescription to a man named Will Mingle, who had accompanied her to the pharmacy that day, immediately after obtaining it from the pharmacy.  Earlier that day, Mingle, to whom Spaulding owed a substantial sum of money, had demanded that Spaulding accompany him and his girlfriend to the pharmacy where she was to pick up the prescription.  When Spaulding stated she would prefer to drive herself, Mingle accompanied her in the F150 pickup, holding his gun in his lap, and had his girlfriend follow them in her car.  When she arrived at the pharmacy, it was Mingle who gave her the necessary cash to purchase the prescription medicine.  From those facts, a reasonable fact-finder could conclude that Spaulding never intended to use the F150 pickup to transport the prescription away from the pharmacy because Mingle would have immediately taken the prescription from her and driven off in his girlfriend's car.  Therefore, under the *Dodge Caravan* standard, a reasonable fact-finder could find that the evidence does not establish that there was a substantial connection between the F150 pickup and the criminal activity to warrant forfeiture under section 881(a)(4).

      B.    <u>Eighth Amendment Affirmative Defense</u>

Furthermore, even if the undisputed facts subject the F150 pickup to civil forfeiture under section 881(a)(4), there is still a genuine issue of material fact regarding Spaulding's affirmative defense under the Eighth Amendment that precludes summary judgment in this case.  In my oral ruling, I held that Spaulding had sufficiently established a prima facie case that the forfeiture was unconstitutionally excessive under the Eighth Amendment because the F150 pickup's value was substantially greater than the fine she would have been subject to under the Sentencing Guidelines.

Forfeiture of property pursuant to section 881(a)(4) "constitutes payment to a sovereign

as punishment for some offense, and, as such, is subject to the limitations of the Eighth

Amendment's Excessive Fines Clause." *Austin v. United States*, 509 U.S. 602, 622 (1993)

(internal quotation omitted).  18 U.S.C. § 983(g) permits claimants to petition the court to

determine if the forfeiture was constitutionally excessive.  The statute directs courts to "compare

the forfeiture to the gravity of the offense giving rise to the forfeiture." *Id.* § 983(g)(2).  The

claimant has the "burden of establishing that the forfeiture is grossly disproportional by a

preponderance of the evidence at a hearing conducted by the court without a jury." *Id.* §

983(g)(3).  "If the court finds the forfeiture is grossly disproportional to the offense it shall

reduce or eliminate the forfeiture as necessary to avoid" violating the Eighth Amendment. *Id.* §

983(g)(4).

     In *Von Hofe* the Second Circuit set forth the following factors that a court should consider

when analyzing the excessiveness of a particular forfeiture:

> (1) the harshness, or gross disproportionality, of the forfeiture in comparison
> to the gravity of the offense, giving due regard to (a) the offense committed
> and its relation to other criminal activity, (b) whether the claimant falls within
> the class of persons for whom the statute was designed, (c) the punishments
> available, and (d) the harm caused by the claimant's conduct; (2) the nexus
> between the property and the criminal offenses, including the deliberate
> nature of the use and the temporal and spatial extent of the use; and (3) the
> culpability of each claimant.

492 F.3d at 186 (citing *United States v. Bajakajian*, 524 U.S. 321, 337-40 (1998)).

     At summary judgment both sides agreed that the appraised value of the F150 pickup was

$21,300.  As part of its motion for reconsideration, the government has submitted evidence that

the vehicle's Kelley Blue Book value is $16,025.  The government also contends that, rather than

considering Spaulding's estimated Sentencing Guideline fine range of $500 to $5,000 (assuming

an offense level of 6 for her attempt to purchase 180 ml of Tussionex prescription cough medicine), I should consider that Spaulding's statutory maximum fine would have been $250,000. Because the vehicle's value is much lower than the maximum statutory penalty, the government argues that the forfeiture is thus constitutional under the Eighth Amendment Excessive Fine provision.

As support for its position that I should consider the statutory maximum fine rather than the claimant's estimated Guideline fine range, the government cites *United States v. Radaj*, 2006 WL 1876664, at *8 (S.D.N.Y. 2006). That case is inapposite for several reasons. First, *Radaj* involved the criminal forfeiture of $5,755,000 and several properties from four defendants who had been convicted of RICO violations, illegal gambling, and bank fraud. *Id.* at *1. Under those criminal statutes, forfeiture is mandatory. *Id.* at *3-4. Second, when considering whether the forfeiture amount was unconstitutionally excessive, of significance to the court was the gravity of the defendants' criminal conduct which involved "the direction and supervision of a substantial racketeering enterprise whose members extorted, assaulted, and intimidated anyone who did not bend to their will." *Id.* at *7. Considering that the defendants "used and threatened violence against not only rival criminal organizations but also owners of bars, restaurants, and nightclubs, and even gamblers," the court held that the forfeiture was not grossly disproportional to the gravity of their offense. *Id.* at *7-8. Without diminishing the grave punitive and societal consequences of medical prescription fraud, the criminal conduct at issue in the present case is simply not comparable to *Radaj*.

The government remains free to argue at trial that the forfeiture of the defendant vehicle would not amount to an unconstitutionally excessive fine under the Eighth Amendment. At

summary judgment, however, I must consider whether there is a genuine issue of material fact on that issue.  Because the claimant has demonstrated sufficient evidence from which a reasonable fact-finder could find that, considering the elements outlined in *Von Hofe*, the forfeiture of the F150 pickup would be grossly disproportional to the criminal conduct at issue here, summary judgment is not appropriate.

**III.    Conclusions**

Because there is a genuine issue of material fact on several key issues that precludes summary judgment, the government's motion for reconsideration (doc. #41) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of March 2009.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

-8-